IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SEMANTIC SEARCH TECHNOLOGIES LLC,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**SHEPLERS, INC.,**<br><br>                              Defendant. | Case No. 6:16-cv-1067<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Semantic Search Technologies LLC files this Complaint against Sheplers, Inc., for infringement of certain claims of United States Patent Nos. 8,793,237 (the "'237 Patent"), 8,880,497 (the "'497 Patent"), 9,069,860 (the "'860 Patent"), and 9,378,521 (the "'521 Patent").

## PARTIES AND SUBJECT MATTER JURISDICTION

1.     This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.     Plaintiff Semantic Search Technologies LLC ("Plaintiff" or "Semantic Search"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 5608 W. Plano Parkway, Suite 300, Plano, Texas 75093.

4.     Upon information and belief, Defendant Sheplers, Inc. ("Defendant"), is a Kansas corporation with a principal office located at 6501 West Kellogg Drive, Wichita, Kansas 67209.

## PERSONAL JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the State of Texas, has conducted business in the State of Texas, has directed an interactive website at Texas, and/or has engaged in continuous and systematic activities in the State of Texas.

6.      On information and belief, within the State of Texas and the Eastern District of Texas, Defendant has used the patented invention with the website and functionality identified herein below.  In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts within the State of Texas and the Eastern District of Texas.

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District.  In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,793,237)

### General Allegations

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

10.      Plaintiff is the owner of the '237 Patent with sole rights to enforce the '237 Patent and sue infringers.

11.      A copy of the '237 Patent, titled "Computer-Aided Extraction of Semantics From Keywords to Confirm Match of Buyer Offers to Seller Bids," is attached hereto as Exhibit A.

12.      The '237 Patent issued on July 29, 2014.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

## Allegations of Direct Infringement

13.     Defendant has infringed and continues to directly infringe one or more claims of

the '237 Patent, including at least Claim 10.

14.     Defendant has committed direct infringement by its actions that comprise using one

or more websites that utilize one or more methods described in the '237 Patent, including at least

the method described in Claim 10 of the '237 Patent, which is incorporated by reference from

Exhibit A as if set forth in full herein.   Such websites are defined as the "Accused

Instrumentalities."  A representative example of an infringing website of Defendant, which is an

Accused Instrumentality, is www.sheplers.com.

15.     The infringement contentions and claim charts that will be served pursuant to Local

Patent Rule 3-1 are incorporated into the Complaint by reference.  Further, a detailed claim chart

showing infringement of the '237 Patent by the Accused Instrumentalities will be made available

to Defendant promptly upon request.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 8,880,497)

### General Allegations

16.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

17.     This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271, *et seq*.

18.     Plaintiff is the owner of the '497 Patent with sole rights to enforce the '497 Patent

and sue infringers.

19.     A copy of the '497 Patent, titled "Computer-Aided Extraction of Semantics From

Keywords to Confirm Match of Buyer Offers to Seller Bids," is attached hereto as Exhibit B.

20.     The '497 Patent issued on November 4, 2014.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

### Allegations of Direct Infringement

21.     Defendant has infringed and continues to directly infringe one or more claims of the '497 Patent, including at least Claim 1.

22.     Defendant has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '497 Patent, including at least the method described in Claim 1 of the '497 Patent, which is incorporated by reference from Exhibit B as if set forth in full herein.   Such websites are defined as the "Accused Instrumentalities."   A representative example of an infringing website of Defendant, which is an Accused Instrumentality, is www.sheplers.com.

23.     The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into the Complaint by reference.   Further, a detailed claim chart showing infringement of the '497 Patent by the Accused Instrumentalities will be made available to Defendant promptly upon request.

### COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 9,069,860)

### General Allegations

24.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

25.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

26.     Plaintiff is the owner of the '860 Patent with sole rights to enforce the '860 Patent and sue infringers.

27. A copy of the ‘860 Patent, titled “Computer-Aided Extraction of Semantics From Keywords to Confirm Match of Buyer Offers to Seller Bids,” is attached hereto as Exhibit C.

28. The ‘860 Patent issued on June 30, 2015. It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

**Allegations of Direct Infringement**

29. Defendant has infringed and continues to directly infringe one or more claims of the ‘860 Patent, including at least Claim 1.

30. Defendant has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the ‘860 Patent, including at least the method described in Claim 1 of the ‘860 Patent, which is incorporated by reference from Exhibit C as if set forth in full herein. Such websites are defined as the “Accused Instrumentalities.” A representative example of an infringing website of Defendant, which is an Accused Instrumentality, is www.sheplers.com.

31. The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into the Complaint by reference. Further, a detailed claim chart showing infringement by the Accused Instrumentalities will be made available to Defendant promptly upon request.

**COUNT IV**
**(INFRINGEMENT OF U.S. PATENT NO. 9,378,521)**

**General Allegations**

32. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

33. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

34.     Plaintiff is the owner of the '521 Patent with sole rights to enforce the '521 Patent and sue infringers.

35.     A copy of the '521 Patent, titled "Computer-Aided Extraction of Semantics From Keywords to Confirm Match of Buyer Offers to Seller Bids," is attached hereto as Exhibit D.

36.     The '521 Patent issued on June 28, 2016.  It is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

### Allegations of Direct Infringement

37.     Defendant has infringed and continues to directly infringe one or more claims of the '521 Patent, including at least Claim 1.

38.     Defendant has committed direct infringement by its actions that comprise using one or more websites that utilize one or more methods described in the '521 Patent, including at least the method described in Claim 1 of the '521 Patent, which is incorporated by reference from Exhibit D as if set forth in full herein.   Such websites are defined as the "Accused Instrumentalities."   A representative example of an infringing website of Defendant, which is an Accused Instrumentality, is www.sheplers.com.

39.     The infringement contentions and claim charts that will be served pursuant to Local Patent Rule 3-1 are incorporated into the Complaint by reference.  Further, a detailed claim chart showing infringement by the Accused Instrumentalities will be made available to Defendant immediately upon request.

## IRREPARABLE HARM

40.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)     Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 8,793,237, 8,880,497, 9,069,860, and 9,378,521 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d)     Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

e)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

f)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: July 27, 2016                    Respectfully submitted,


                                        */s/ Craig Tadlock*
                                        Craig Tadlock
                                        State Bar No. 00791766
                                        Keith Smiley
                                        State Bar No. 24067869
                                        **TADLOCK LAW FIRM PLLC**
                                        2701 Dallas Parkway, Suite 360
                                        Plano, Texas 75093
                                        903-730-6789
                                        craig@tadlocklawfirm.com
                                        keith@tadlocklawfirm.com

                                        ***Attorneys for Plaintiff Semantic Search
                                        Technologies LLC***